UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEEROY E. KRAUSE,

          Plaintiff,

    v.

VANCOUVER POLICE DEP'T, *et al.*,

          Defendants.

CASE NO. 3:22-cv-05204-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 24, 2022

This matter is before the Court on referral from the District Court, plaintiff's motion to proceed *in forma pauperis* ("IFP"), and on the Court's order to show cause. *See* Dkts. 1, 4.

Plaintiff alleges that defendants violated several of his constitutional rights when they arrested him and sedated him against his will. Specifically, plaintiff alleges that police officers questioned him without providing a *Miranda* warning, used excessive force in arresting him, and violated his due process and equal protection rights by falsifying evidence used in charging him. After reviewing his proposed complaint, this Court ordered plaintiff to show cause why the

1  Court should not abstain from adjudicating his complaint until the resolution of his state

2  prosecutions.

3        After reviewing plaintiff's response, which mainly repeats the allegations contained in his

4  proposed complaint, the Court concludes that this matter should be stayed. Accordingly, the

5  Court grants plaintiff's motion for leave to proceed IFP and recommends that this matter be

6  stayed pending resolution of plaintiff's criminal proceedings. Also, because the viability of

7  plaintiff's claims depend, in part, on the outcome of plaintiff's state criminal proceedings, the

8  Court will further screen plaintiff's complaint once those proceedings have concluded.

9  **BACKGROUND**

10        Plaintiff, Leeroy E. Krause, is a pretrial detainee currently housed at the Clark County

11  Jail. *See* Dkt. 1-1 at 3. On March 31, 2022, plaintiff filed a motion for leave to proceed IFP along

12  with a proposed complaint. *See* Dkts. 1, 1-1. Plaintiff seeks to bring an action against the

13  Vancouver Police Department, Detective Travis Brown, Corporal Ryan Starbuck, Sergeant

14  Christopher Simmons, and American Medical Response. *See* Dkt. 1-1 at 4–5. In his proposed

15  complaint, plaintiff alleges that defendants violated his constitutional rights when they responded

16  to a domestic violence call. *See id.* at 6–13. Specifically, plaintiff alleges that defendants

17  questioned him without reading him his rights under *Miranda v. Arizona*, 348 U.S. 436 (1966),

18  sedated him against his will, and falsified or fabricated evidence regarding his criminal charges.

19  *See id.* Plaintiff seeks damages and several forms of injunctive relief, including dismissal of his

20  criminal charges and release from custody. *See id.* at 14.

21        On April 8, 2022, after reviewing plaintiff's proposed complaint and taking judicial

22  notice of the criminal charges plaintiff listed therein, the Court ordered plaintiff to show cause

23  why the Court should not abstain from adjudicating his proposed complaint pursuant to *Younger*

24

1    *v. Harris*, 401 U.S. 37 (1971) until the resolution of his criminal prosecutions, including any

2    direct criminal appeal. *See* Dkt. 4 at 2–5. Plaintiff filed a timely response to the Court's order.

3    *See* Dkt. 6.

**DISCUSSION**

5    Because plaintiff's claims implicate his state court criminal proceeding, the Court must

6    decide whether it is appropriate to abstain pursuant to *Younger*.

7    **I.    Younger Abstention**

8    "[T]he Supreme Court held that a federal court may not interfere with a pending state

9    criminal prosecution absent extraordinary circumstances." *Logan v. U.S. Bank Nat'l Ass'n*, 722

10    F.3d 1163, 1167 (9th Cir. 2013) (citing *Younger*, 401 U.S. at 43–54). The Court should abstain

11    when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important

12    state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional

13    challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the

14    ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)

15    (citation and internal quotation marks omitted). Courts may *sua sponte* consider the propriety of

16    a *Younger* abstention. *See San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103

17    n.5 (9th Cir. 1998) (citing *Barichello v. McDonald,* 98 F.3d 948, 955 (7th Cir. 1996)).

18    **1.    Ongoing State Proceedings**

19    "State proceedings are considered 'ongoing' if they are initiated 'before any proceedings

20    of substance on the merits have taken place in federal court.'" *Nationwide Biweekly Admin. v.*

21    *Owen*, 873 F.3d 716, 728 (9th Cir. 2017). As this Court noted in its order to show cause, plaintiff

22    has two criminal proceedings against him in state court. *See* Dkt. 4 at 2. In his response, plaintiff

23    admits that the criminal proceedings are ongoing. *See* Dkt. 6 at 4 (alleging that "the prosecution"

24

is "continuing to pursue a conviction"). At this point, no proceedings of substance have taken place in this matter because plaintiff's complaint has yet to be filed. Furthermore, even if plaintiff's criminal trials are completed by the date of this report and recommendation, a state proceeding is deemed "pending" for the purposes of *Younger* abstention until state appellate remedies are exhausted. *See Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994). Therefore, the Court concludes that plaintiff's state criminal proceedings are ongoing.

### 2. Important State Interests

A state has an important interest in its criminal proceedings. *See, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 345 (1977) ("Pending state criminal proceedings have always been viewed as paradigm cases involving paramount state interests"). As previously stated, plaintiff has ongoing criminal proceedings in state court and those proceedings clearly implicate important state interests. *See Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) (en banc) ("[J]udicial proceedings or disciplinary proceedings which are judicial in nature are the type of proceeding that does implicate an important state interest."). Therefore, the Court concludes that plaintiff's criminal proceedings implicate important state interests that preclude this Court from adjudicating plaintiff's federal claims at this moment.

### 3. Adequate Opportunity

The third requirement for *Younger* abstention examines whether plaintiff will "be accorded . . . an opportunity to fairly pursue [his] constitutional claims in the ongoing state proceedings." *Juidice*, 430 U.S. at 337. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns. Telesystems Int'l v. California Pub. Utilities Comm'n,* 196 F.3d 1011, 1020 (9th Cir.1999) (citing *Middlesex Cnty. Ethics*

1    *Comm'n. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* abstention "presupposes

2    the opportunity to raise and have timely decided by a competent state tribunal the federal issues

3    involved." *Gibson v. Berryhill,* 411 U.S. 564, 577 (1973). Thus, federal courts "assume that state

4    procedures will afford an adequate remedy, in the absence of unambiguous authority to the

5    contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2 (1987).

6        Here, the constitutional claims plaintiff alleges in his proposed complaint, *see* Dkt. 1-1 at

7    6–13, if substantiated, are defenses plaintiff can raise in his state court proceedings. Further,

8    plaintiff has not alleged any procedural bars will prevent him from fairly pursuing his

9    constitutional claims in state court. Therefore, the Court concludes that plaintiff has an adequate

10   opportunity to raise his constitutional claims in state court.

11                    **4.  *Younger* Exceptions**

12       Even if all the requirements for *Younger* abstention are met, the Supreme Court stated

13   that the Court must nevertheless intervene in a state proceeding upon a showing of "bad faith,

14   harassment, or any other unusual circumstance that would call for equitable relief." *See Younger*,

15   401 U.S. at 45. Plaintiff does not specifically argue that a *Younger* exception applies. However,

16   the Court addresses two statements from plaintiff's response to the Court's order to show cause

17   that appear to implicate some *Younger* exceptions.

18       First, plaintiff states that the state court judge engaged in "judicial misconduct" by telling

19   plaintiff to represent himself and file a motion if he feels his rights were violated. *See* Dkt. 6 at 4.

20   The Court liberally construes this allegation as one of bias. "Bias exists where a court has

21   prejudged, or reasonably appears to have prejudged, an issue." *Kenneally v. Lungren*, 967 F.2d

22   329, 333 (9th Cir. 1992). The party raising bias must overcome a presumption of honesty and

23   integrity in those serving as adjudicators. *Id.* Plaintiff has not overcome that presumption. It

24

1    appears that the state court judge made those remarks after plaintiff informed him that plaintiff's

2    counsel did not feel comfortable filing motions containing arguments that plaintiff wanted to

3    pursue. *See* Dkt. 6 at 4 ("Robert Gower who refused to properly and adequately assist me with

4    counsel claiming [he] was 'uncomfortable' in court [on] [F]ebruary 3rd, 2022[,] . . . in regards to

5    filing motions on my behalf pertaining to what is addressed here[in]."). Thus, there is nothing to

6    suggest that there is bias in plaintiff's state court proceedings.

7         Second, plaintiff states that "[t]he prosecution is aware of these issues" because they have

8    "contact with defense counsel(s)," "read and provided the discovery report," and have

9    representatives in court, "yet continues to cover up, overlook[,] and justify the injustices done

10   against [him]." Dkt. 6 at 4. It is unclear what plaintiff means by "these issues," but the Court

11   liberally construes plaintiff's allegation as one of bad faith prosecution. However, the bad faith

12   prosecution exception is narrow and "generally means that a prosecution has been brought

13   without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S.

14   117, 126 n.6 (1975). "Evidence of bad-faith harassment must be more than multiple

15   prosecutions, must be more than conclusory statements about motive, must be more than a weak

16   claim of selective prosecution, and must be more than the prosecution of close cases." *Kihagi v.*

17   *Francisco*, No. 15-CV-01168-KAW, 2016 WL 5682575, at *4 (N.D. Cal. Oct. 3, 2016) (citations

18   omitted). Plaintiff's conclusory remarks about the prosecution do not establish bad faith.

19        Finally, nothing in plaintiff's response to the Court's order to show cause suggest that

20   there is an unusual circumstance that would preclude *Younger* abstention. Accordingly, the Court

21   concludes that none of the *Younger* exceptions apply.

22   ///

23   ///

24

## II.    Stay Versus Dismissal

"*Younger* principles apply to actions [for damages] as well as for injunctive . . . relief . . . ."
*Gilbertson*, 381 F.3d at 968. "[W]hen a court abstains under *Younger*, claims for injunctive . . .
relief are typically dismissed [without prejudice]." *See Herrera v. City of Palmdale*, 918 F.3d
1037, 1042 (9th Cir. 2019) (citation omitted). By contrast, "damages actions should be stayed until
the state proceedings are completed." *Gilbertson*, 381 F.3d at 968.

Here, plaintiff seeks both damages and injunctive relief. *See* Dkt. 1-1 at 14. The Court
recommends that the matter be stayed in its entirety because it will require additional screening
by the Court after plaintiff's criminal proceedings are completed. *See* 28 U.S.C. § 1915(e)
(stating "the court shall dismiss the case at any time if the court determines" that it fails to state a
claim upon which relief may be granted); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87
(1994).

### CONCLUSION

The Court grants plaintiff's motion for leave to proceed IFP. Dkt. 1. The Court also
recommends that this matter be stayed pending resolution of plaintiff's state court proceedings
and that plaintiff be ordered to submit a status report to this Court every **ninety (90) days**
regarding the progress in his state court proceedings. Failure of plaintiff to submit such reports in
a timely fashion will result in a recommendation that this action be dismissed for failure to
prosecute. The Court will further screen plaintiff's complaint once the stay is lifted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

1  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

2  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

3  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 24, 2022,

4  as noted in the caption.

5      Dated this 3rd day of June, 2022.

6

7

8  J. Richard Creatura
   Chief United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24