1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

LEEROY E. KRAUSE,

Plaintiff,

v.

VANCOUVER POLICE DEPARTMENT,
*et al.*,

Defendants.

CASE NO. 3:22-cv-05204-BHS-JRC

ORDER DIRECTING PERSONAL
SERVICE BY UNITED STATES
MARSHAL ON DEFENDANT

11
12
13
14
15
16

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding

*pro se* and *in forma pauperis*. The Clerk's Office has attempted to effect service pursuant to

Federal Rule of Civil Procedure 4(d), but defendant American Medical Response ("AMR") has

not timely returned a signed Waiver of Service of Summons. *See* Dkts. 21, 31.

(1)     Service by United States Marshal

The United States Marshal is therefore ORDERED to personally serve upon defendant

AMR the summons, the complaint, and a copy of this Order. The Clerk shall issue a summons

and assemble the necessary documents to effect this personal service.

(2)   <u>Response Required</u>

Within **thirty (30) days** after service, defendant AMR shall: (A) file and serve an answer or a motion directed to the amended complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure; and (B) show cause why it should not be assessed the cost of personal service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

(3)   <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiff shall indicate the date the document is submitted for e-filing as the date of service.

(4)   <u>Non-State Defendants</u>

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at facilities actively engaged in the Prisoner E-Filing Initiative. Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their court filings on the Court or defendants by mail. Service by mail of your Court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer required.

(5)   <u>Motions, Generally</u>

Any request for Court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the Court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(6)   <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

1    Procedure should acquaint themselves with those rules. As noted above, these motions shall be

2    noted for consideration no earlier than the fourth Friday following filing and service of the

3    motion.

4         Defendants filing motions to dismiss or motions for summary judgment are advised that

5    they **MUST serve a *Rand* notice concurrently with motions to dismiss and motions for**

6    **summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate**

7    **notice of what is required of them in order to oppose those motions**. *Woods v. Carey*, 684

8    F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

9              A motion for summary judgment under Rule 56 of the Federal Rules of
             Civil Procedure will, if granted, end your case.
10
             Rule 56 tells you what you must do in order to oppose a motion for summary
11           judgment. Generally, summary judgment must be granted when there is no
             genuine issue of material fact – that is, if there is no real dispute about any
12           fact that would affect the result of your case, the party who asked for
             summary judgment is entitled to judgment as a matter of law, which will
13           end your case. When a party you are suing makes a motion for summary
             judgment that is properly supported by declarations (or other sworn
14           testimony), you cannot simply rely on what your complaint says. Instead,
             **you must set out specific facts in declarations, depositions, answers to**
15           **interrogatories, or authenticated documents, as provided in Rule 56(e),**
             **that contradict the facts shown in the defendant's declarations and**
16           **documents and show that there is a genuine issue of material fact for**
             **trial. If you do not submit your own evidence in opposition, summary**
17           **judgment, if appropriate, may be entered against you. If summary**
             **judgment is granted, your case will be dismissed and there will be no**
18           **trial.**

19   *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

20        Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their

21   motion stricken from the Court's calendar with leave to re-file.

22

23

24

ORDER DIRECTING PERSONAL SERVICE BY
UNITED STATES MARSHAL ON DEFENDANT - 4

1        (7)    <u>Direct Communications with District Judge or Magistrate Judge</u>

2        No direct communication is to take place with the District Judge or Magistrate Judge with

3  regard to this case. All relevant information and papers are to be directed to the Clerk.

4        (8)    The Clerk is directed to send copies of this Order and the Court's *pro se*

5  instruction sheet to plaintiff.

6        Dated this 5th day of April, 2023.

7

8

9                                  J. Richard Creatura
                                  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24