UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEEROY E. KRAUSE,<br><br>      Plaintiff,<br>  v.<br><br>VANCOUVER POLICE DEP'T, *et al.*,<br><br>      Defendants. | CASE NO. 3:22-cv-05204-BHS-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 16, 2023 |

This matter is before the Court on referral from the District Court and on Plaintiff's Motion for Default against Defendants—a request the Court interprets as a motion for entry of default and default judgment under Federal Rule of Civil Procedure 55. Dkt. 35. Upon consideration, the Court recommends denying Plaintiff's Motion because all Defendants have answered Plaintiff's Complaint and are defending this suit.

**I. BACKGROUND**

On December 16, 2022, this Court directed service of Plaintiff's Complaint on the named Defendants. *See* Dkt. 21 at 2. The Court directed the Clerk to send Defendants a waiver of

REPORT AND RECOMMENDATION - 1

service and informed Defendants that, if they failed to waive service within 30 days, they would be personally served at their own expense. *See id.*

All Defendants returned waivers of service and answered the Complaint except for Defendant American Medical Response ("AMR"). *See* Dkts. 28, 29. On February 23, 2023, the Court issued an Order directing Defendant AMR to show cause by March 24, 2023, why it should not be personally served at its own expense for failure to file a service waiver. Dkt. 31. Defendant AMR did not respond to the Court's Order and, therefore, on April 5, 2023, the Court issued an Order directing the United States Marshal to personally serve upon Defendant AMR the Summons and Complaint. Dkt. 33. On May 26, 2023, Defendant AMR entered an appearance and filed an Answer to the Complaint. Dkts. 38, 39.

Prior to the filing of Defendant AMR's Answer, on May 10, 2023, Plaintiff filed the instant Motion for Default. Dkt. 35. Plaintiff requests the Court enter default judgment against Defendants because they failed to respond to his Complaint. *Id*. Defendants Vancouver Police Department, Nicholaas Gillingham, Travis Brown, Ryan Starbuck, and Christopher Simmons ("City Defendants") responded to the Motion on May 19, 2023, arguing that Plaintiff's Motion for Default should be denied because they filed an Answer on February 7, 2023. Dkt. 36. Defendant AMR responded to Plaintiff's Motion on May 26, 2023, arguing that Plaintiff's Motion should be denied because they, too, have now answered the Complaint. Dkt. 40.

II.    **DISCUSSION**

A plaintiff may move for entry of default and default judgment if a defendant fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. It is in the court's discretion to grant or deny a motion for default; however, default is disfavored and "whenever it is reasonably possible[,] cases should be decided upon their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991)

REPORT AND RECOMMENDATION - 2

(quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989) (internal quotation omitted)). The entry of default judgment is a drastic step that a court should decline to take if defendants show intent to defend. *See generally Wilson v. Moore & Assocs.*, 564 F.2d 366, 369 (9th Cir. 1977); *see also Chevalier v. Sutter Hotel*, No. C-07-0401 MMC, 2008 WL 618919, at *1 (N.D. Cal. Mar. 5, 2008) (declining to enter default judgment when defendant submitted its responsive pleading eight days beyond the prescribed deadline).

Here, in response to the Court's Order directing service of the Complaint, City Defendants have appeared and denied the allegations in Plaintiff's Complaint in an Answer. *See* Dkts. 28, 29. While Defendant AMR did not timely appear and defend this suit, *see generally* Dkt., in response to the Court's Order directing personal service, Dkt. 33, Defendant AMR has now appeared and has filed an Answer, Dkts. 38, 39. From a review of the record in this case, the Court concludes that both City Defendants and Defendant AMR have demonstrated their intent to defend. Entry of default and default judgment would deprive all Defendants of the opportunity to defend the case on the merits. Therefore, the Court recommends denying Plaintiff's Motion for Default. Dkt. 35.

### III.     CONCLUSION

The Court recommends Plaintiff's Motion for Default (Dkt. 35) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 16, 2022, as noted in the caption.

Dated this 31st day of May, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4