1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEEROY E. KRAUSE,

                Plaintiff,

     v.

VANCOUVER POLICE DEP'T, *et al.*,

                Defendants.

CASE NO. 3:22-cv-05204-BHS-GJL

ORDER DENYING MOTION TO
APPOINT COUNSEL

This matter is before the Court on referral from the District Court and on Plaintiff's motion requesting assistance of counsel (Dkt. 65). Defendants have filed responses (Dkts. 68, 69) and Plaintiff has not filed a reply.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has not demonstrated that extraordinary circumstances exist requiring the appointment of counsel. Plaintiff cites his ignorance of the law and anxiety, but those are not extraordinary circumstances that set him aside from other prisoner plaintiffs. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants") (citations omitted). Moreover, Plaintiff has demonstrated a sufficient grasp of the legal issues involved in this case and an ability to articulate the factual basis of his claims, having filed an Amended Complaint that passed this Court's screening.

//

//

//

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. Therefore, Plaintiff's request for counsel (Dkt. 65) is **DENIED without prejudice**.

Dated this 4th day of October, 2023.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3